FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2017 APR 10 AM 11: 24

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CATHERINE PAPAFORTIS,

Plaintiff,

vs.                                   Case No. 6:17-CV-630-ORL-31-KRS

EMULUS FILMS, LLC,
a Florida Limited Liability Company, and
JONATHAN T. PARKER, individually

Defendants.
_____/

## COMPLAINT

Plaintiff, CATHERINE PAPAFORTIS ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, EMULUS FILMS, LLC, a Florida Limited Liability Company and JONATHAN T. PARKER, individually ("Defendant(s)"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Brevard County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, EMULUS FILMS, LLC, a Florida Limited Liability Company having its main place of business in Brevard County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, JONATHAN T. PARKER, individually is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, EMULUS FILMS, LLC.

6. Venue is proper in Brevard County because all of the actions that form the basis of this Complaint occurred within Brevard County and payment was due in Brevard County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On or about November 14, 2016, the parties to this cause of action entered into a five month written agreement whereby the Plaintiff, CATHERINE PAPAFOTIS, agreed to perform the duties of an Executive Producer for Defendants, and in exchange, Defendants agreed to compensate the Plaintiff, CATHERINE PAPAFOTIS with a salary of four thousand dollars ($4,000.00) per week and transportation (Attached herein as Exhibit A).

2. Both parties continued with the aforementioned agreement from approximately November 14, 2016 to January 5, 2016 to when Defendants breached the above referenced agreement terminating Plaintiff's employment.

3. Defendants failed to pay Plaintiff on time during the time period referenced above.

4. Plaintiff always received payments from Defendants three to four days late during her employment with Defendants.

5. Additionally, during the last two weeks of the time period referenced above, Defendant failed to compensate Plaintiff, which equaled to eight thousand ($8,000) dollars of unpaid wages

9. Specifically, Throughout Plaintiff's employment with Defendants, Plaintiff performed her duties in an exemplary fashion.

10. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendants' failure to properly pay her on time.

11. On or about January 5, 2016, Defendants constructively discharged Plaintiff in retaliation for engaging the protected activity described above.

## COUNT I
### *Breach of Agreement Against*
### *EMULUS FILMS, LLC*

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

7. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly pay Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

8. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Breach of Agreement Against*
### *JONATHAN T. PARKER*

9. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

10. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

11. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT III
### *UNJUST ENRICHMENT/QUANTUM MERUIT*

12. Plaintiff re-alleges and incorporates paragraphs 1 through 11 of this complaint as if fully set forth herein.

13. Since Defendants have retained and failed to remit the wages owed to Plaintiff, they have been unjustly enriched. This will result in a windfall for Defendants and undue prejudice to Plaintiff, CATHERINE PAPAFOTIS.

14. If Defendants retain the owed wages and renege on the obligations outlined in the agreement, it will receive a windfall. Only by remitting the wages earned pursuant to the agreement will the Plaintiff, be compensated in accordance with the amount of service he has performed and the status quo preserved.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, restitution, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## COUNT IV
### *Wage & Hour Federal Statutory Violation Against*
### *EMULUS FILMS, LLC*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

16. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage compensation, as well as, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

17. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

18. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

23. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation Against*
### *JONATHAN T. PARKER*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

25. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage compensation, as well as, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

26. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

27. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

28. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

29. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

30. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

31. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

32. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 23, 2017          Respectfully submitted,

/s/ Peter M. Hoogerwoerd
**Peter Hoogerwoerd, Esq.**
Florida Bar Number: 188239