# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CATHERINE PAPAFORTIS,**

    **Plaintiff,**

v.                                                                                  Case No:  6:17-cv-630-Orl-31KRS

**EMULUS FILMS, LLC and JONATHAN T. PARKER,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**:

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RENEWED JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 35)
>
> **FILED:** September 15, 2017

### I. BACKGROUND.

In her amended complaint, Plaintiff, Catherine Papafortis, sued Defendants Emulus Films, LLC ("Emulus") and Jonathan T. Parker for breach of contract, unjust enrichment/quantum meruit, and failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Doc. No. 21. As to the FLSA claim, Papafortis alleged that Defendants did not pay her for the last two weeks of her work at a rate equal to the federal minimum wage. *Id.* ¶ 15. As to the FLSA claim, Papafortis seeks actual damages with interest, liquidated damages and reasonable attorney's fees. *Id.* ¶ 16.

The parties have advised the Court that they have settled this dispute. They have attached an executed settlement agreement to the motion. Doc. No. 35, at 8-17 ("Settlement Agreement"). They ask that the Court approve the settlement of the FLSA claim as required by *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether Plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III. ANALYSIS.

#### A. *Whether Plaintiff Has Compromised Her FLSA Claim.*

Under the Settlement Agreement, Defendants will pay Plaintiff $4,750.00. They will pay counsel for Plaintiff $4,250.00 in attorneys' fees and costs. Settlement Agreement at 3.

In the motion, counsel for Plaintiff state that Plaintiff alleges that she was not paid $8,000.00 for the last two weeks of her employment, which ended on January 5, 2017. *Id.* at 2; *see also* Doc. No. 21, at 3. It appears that this claim exceeds the amount Plaintiff could have recovered under her FLSA minimum wage claim. There are only 336 hours in a two-week period (14 days x 24 hours per day) and the federal minimum wage in late 2016 and 2017 was $7.25 per hour, resulting in a total maximum minimum wage claim for two weeks of work of $2,436.00 (336 hours x $7.25 per hour), which with an equal amount of liquidated damages would result in a possible claim of $4,872.00. Because this is less than the amount Plaintiff will receive in settlement, and counsel for the parties state that Plaintiff has compromised her claim, it appears that Plaintiff contends that she has compromised her FLSA minimum wage claim. Doc. No. 35, at 2.

#### B. *Whether the Amount Is Fair and Reasonable*.

Because Plaintiff states that she has compromised her claim, the Court must evaluate whether the Settlement Agreement is fair and reasonable.

The parties agree that this action involves disputed issues. The settlement was reached after counsel for all parties evaluated the merits of the claims and defenses. Additionally, the settlement globally resolved Plaintiff's non-FLSA claims. Doc. No. 35, at 3. This sufficiently explains the reasons for the compromise. In light of the limited amount Plaintiff could have recovered on her

FLSA minimum wage claim, I recommend that the Court find that the amount of the compromise of the FLSA claim is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

    *C.    Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff states that she has compromised her FLSA claim, the Court must consider whether the payment to her attorney is reasonable, to ensure that the fees and costs to be paid to her attorney did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. Counsel for both parties represent that the $4,250.00 payment for attorney's fees and costs was not a percentage of any recovery in this case, and that Plaintiff's attorney agreed to compromise his fees. Doc. No. 35, at 5. In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of her FLSA claim.

    *D.    Whether Other Provisions in the Settlement Agreement Undermine the Fairness or Reasonableness of the Settlement.*

The Court next must consider whether other provisions in Settlement Agreement render the agreement unreasonable. These include release of claims other than those asserted in the complaint, broad release of individuals and entities not named in the complaint, confidentiality provisions, waiver of future employment, and covenants not to sue. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, (M.D. Fla. 2010)(pervasive release); *Dees v. Hydradry*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010)(confidentiality provision); *Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-cv-88 (WLS), 2013 WL 5933991 (M.D. Ga. Nov. 1, 2013)(no disparagement, no facilitation and confidentiality provisions). *See also Rosado v. Melao Bakery LLC*, No. 6:16-cv-1060-Orl-41KRS,

2017 WL 2634795 (M.D. Fla. June 19, 2017)(stating that the release of non-FLSA claims is generally not subject to judicial scrutiny and striking eligibility for employment, confidentiality and modification provisions). Although the Court directed counsel to address this issue, Doc. No. 34, they have failed to do so.

Here, the release runs to individuals and entities not named as parties in the amended complaint, as follows:

> This SETTLEMENT AGREEMENT, WAIVER OF FUTURE EMPLOYMENT AND FULL RELEASE OF ALL CLAIMS (the "Agreement") is made and entered into by and between CATHERINE PAPAFO[R]TIS, including all persons, heirs, executors, successors, administrators and assigns claiming by and through CATHERINE PAPAFO[R]TIS (all collectively referred to as "PAPAFO[R]TIS") and EMULUS FILMS, LLC ("EMULUS") and JONATHAN T. PARKER, ("PARKER"), individually, any and all related persons, plans, fiduciaries, parents, affiliates, subsidiaries, divisions, companies and partnerships related to EMULUS, as well as any payroll companies, co-owners and "PBO" organizations doing business with EMULUS, together with, all present and former officers, directors, shareholders, partners, employees, and agents of EMULUS, in both their individual and official capacities, and their respective heirs, administrators, representatives, successors and assigns (all collectively referred to as the "EMULUS RELEASED PARTIES").

Settlement Agreement at 1.

The release is also far broader than the claims asserted in the amended complaint, as follows:

> PAPAFO[R]TIS hereby voluntarily, knowingly and willingly, releases and waives all rights and claims to date of every nature and description, both known and unknown, whether in tort, contract, under statute or regulation or otherwise, including, without limitation, claims regarding any aspect of PAPAFOTIS' employment with, or separation from employment with, EMULUS, or any claims relating to any other event occurring prior to and including the date that PAPAFO[R]TIS executes this Agreement (the "Effective Date"), against EMULUS, PARKER or the EMULUS RELEASED PARTIES. The claims released include, but are not limited to, rights or claims under all federal, state and local constitutional and statutory provisions, ordinances, orders and regulations prohibiting employment discrimination based upon race, color, sex, religion, age, disability, national origin, veteran's status, marital status, retaliation, employment improprieties and interference with protected activities, including but not limited to: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.; (b) the Civil Rights Act of 1866, 1870 and 1871, 42 U.S.C. §1981, et seq.; (c) the Civil Rights Act of

- 5 -

l991, Pub. L. No. 102-166, 105 Stat. 1071-1100; (d) Constitutions of the United States and the State of Florida; (e) the National Labor Relations Act, as· amended, 29 U.S.C. §151, et seq.; (f) the Employee Retirement Income-Securities Act of 1974, as amended, 29 U.S.C. §1001, et seq., (but only as to claims arising thereunder prior to the date hereof); (g) the Americans With Disabilities Act, 42 U.S.C. §12101, et *seq.;* (h) the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes; (i) the Family and Medical Leave Act of 1993; (j) the Florida Whistleblower Act, Chapter 448, Florida Statutes; (k) the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, et seq., (1) the Fair Labor Standards Act, 29. U.S.C. §201, et seq.; (m) the Equal Pay Act 29 U.S.C. §206; (n) the Older Workers Benefit Protection Act; 29 U.S.C. §621, et. seq.; (o) all other federal, state and local civil rights acts, regulations, orders and executive orders relating to any term, condition or termination of employment and (p) any and all state statutes or judicial decisions relating in any way to any term, condition or termination of employment. The claims released also include, but are not limited to, any and all claims for back pay, front pay, vacation pay or sick pay, bonuses and any other form of compensation or benefits; employment discrimination; including age, sex, retaliation and disability discrimination, wrongful or retaliatory discharge; and any claim for tortious discharge, such as, but not limited to promissory estoppel, assault, battery, false imprisonment, negligent hiring, negligent retention, defamation, or intentional and/or negligent infliction of emotional distress; breach of an express or implied employment contract and for violation of any and all other federal, state or local law, statute or ordinance, including specifically any and all common law claims or causes of action of any variety.

*Id.* at 5-7. There is no separate consideration to support this broad release.

The Settlement Agreement also includes a confidentiality agreement, non-disparagement agreement, and waiver of future employment agreement. *Id.* at 7-8.

Additionally, the Settlement Agreement provides that it can be modified "in writing and duly executed by PAPAFO[R]TIS, PARKER and EMULUS." *Id.* at 10. A court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement. Therefore, even if the Court found that the release, confidentiality, non-disparagement and waiver of employment terms do not render the

agreement unfair and unreasonable, I recommend that the Court not approve the Settlement Agreement unless the provision for modification of the agreement is stricken.

## IV. RECOMMENDATIONS.

For the reasons stated above, I **RESPECTFULLY RECOMMEND**, in the alternative, as follows:

1) If the parties agree to strike the written modification provision from the Settlement Agreement, and if the Court otherwise finds the Settlement Agreement to be fair and reasonable, that the Court **GRANT** the motion, **DECLINE** to reserve jurisdiction to enforce the Settlement Agreement, and **DIRECT** counsel to provide the Court with a form of Stipulated Judgment within a time set by the Court; or,

2) If the parties decline to strike the written modification provision, or if the Court otherwise finds any provision in the Settlement Agreement to be unfair or unreasonable, that the Court **DENY** the Renewed Joint Motion To Approve Settlement (Doc. No. 35) and **DIRECT** the parties to meet to prepare a Case Management Report and file that report by a date set by the Court.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on September 25, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record